IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| R. L. HARRIS, | : |
| Petitioner, | : |
| | : CIVIL ACTION |
| vs. | : File No. **1:03-CV-83 (WLS)** |
| TONY HOWERTON, Warden, | : |
| Respondent. | : |

**RECOMMENDATION**

The *pro se* petitioner filed this § 2254 action. Petitioner entered a guilty plea with the assistance of counsel on December 15, 1994 to theft by receiving stolen property and theft by deception for which he received two concurrent ten-year sentences to be served on probation. Petitioner's probation was revoked on October 22, 1999, and he was ordered to serve 3 years and 5 months in custody. Petitioner did not appeal his probation revocation.

On May 10, 2000, petitioner entered into a negotiated guilty plea to DUI, no insurance, and driving as an habitual violator, for which he received three consecutive 12-month sentences, all of which were to run consecutive to his probation revocation. Petitioner did not appeal his guilty plea convictions.

On October 23, 2000, petitioner filed a state habeas corpus petition challenging his probation revocation and his May 2000 guilty plea convictions. A hearing was held on May 24, 2001, and the state habeas corpus court entered an order denying relief on July 26, 2001. Petitioner filed an application for a certificate of probable cause to appeal, which was denied by the Georgia Supreme Court on September 18, 2002. The Georgia Supreme Court denied petitioner's motion

for reconsideration on October 25, 2002.  Petitioner signed the instant petition on May 7, 2003, and it was filed on June 9, 2003.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) established standards for habeas review of state court decisions.    Amended § 2254(d) states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Eleventh Circuit has interpreted the provisions as  providing that a court evaluating a habeas petition under § 2254(d)(1) must engage in a three-step process: First, the court must "survey the legal landscape" to ascertain the federal law applicable to the petitioner's claim that is "clearly established" by the Supreme Court at the time of the state court's adjudication. Second, the court must determine whether the state court adjudication was contrary to the clearly established Supreme Court case law, either because the state court failed to apply the proper Supreme Court precedent, or because the state court reached a different conclusion on substantially similar facts. If the state court's decision is not contrary to law, the reviewing court must then determine whether the state court unreasonably applied the relevant Supreme Court authority.  <u>Neeley v. Nagle</u>, 138 F. 3d 917 (11th Cir. 1998), cert. denied 525 U.S. 1075, 119 S.Ct. 811, (1999).

The United States Supreme Court has concluded that a state decision that is "contrary to" clearly established Supreme Court precedent is one in which the state court either (1) arrives at a

conclusion opposite of that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result.  Under the AEDPA's "unreasonable application" clause, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.  Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).

*1. Plea Bargain Improperly Induced/False Plea Bargain (Grounds 3 and 4)*

Petitioner contends that his plea bargain was false and that he received an excessive sentence in violation of the plea bargain because the trial judge threatened petitioner and he believed he would receive three concurrent 12 month sentences.  Instead petitioner received three consecutive 12 month sentences.

These claims were raised in petitioner's state habeas corpus petition.  The state court made the following factual findings:

> Mr. Perry (Petitioner's attorney) testified that he believed the State would have trouble showing that Petitioner had committed felony habitual violator because there was not sufficient evidence to be argued at trial that Petitioner had been served proper notice of his habitual violator status.  Mr. Perry argued at trial that the habitual violator charge was a misdemeanor grade habitual violator which reduced his maximum possible sentence to three years rather than eight years.
>
> Mr. Perry testified that he explained to Petitioner all of his rights and the consequences of a guilty plea.  Mr. Perry also testified that Petitioner was well aware that he would receive the maximum possible sentence of three years consecutive, and that Petitioner made the decision to enter the plea.
>
> Petitioner's claim of judicial impropriety is based upon the following statement of the trial court at Petitioner's revocation hearing on October 22, 1999:

3

> R.L. this is going to come as a real surprise to you. I'm going to revoke the balance of your probation. And if you have to go to trial on these charges, if I have anything to do with it, you're going to get all the consecutive time I can pile on your head. It's my sincere desire that you never set foot - not only on the streets of Albany, Georgia, but that you never get behind the wheel of a car again.

(Respondent's Exhibit 2, pp.4-5).

The record clearly supports the state habeas corpus court's findings of fact. Petitioner cannot demonstrate that the decision was based upon an unreasonable determination, nor can petitioner show that the state court's decision is contrary to or an unreasonable application of clearly established Supreme Court precedent. Williams v. Taylor, supra.

Petitioner points to a conversation by the judge some six months prior to the instant plea, wherein the judge expressed his desire that petitioner never drive another vehicle again. The state habeas court found that petitioner did in fact know that he was going to receive three consecutive 12 month sentences, as opposed to three concurrent 12 month sentences, in part based upon the testimony of the trial counsel. Petitioner's trial counsel stated that part of the reason for the plea agreement was to prevent the possibility of petitioner receiving the maximum sentence of eight years; instead, petitioner received three consecutive 12 month sentences.

## 2. Ground Five

In this ground, petitioner raises the issue of the timeliness of his petition. The timeliness issue has been resolved previously, as grounds one and two of the petition were dismissed because of untimeliness and procedural default pursuant to respondent's motion to dismiss. Therefore, this ground raises nothing for the undersigned to consider.

CONCLUSION

Accordingly, it is the recommendation of the undersigned that this petition for federal habeas

relief be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 1st day of August, 2006.

                                                          //S Richard L. Hodge
                                                          RICHARD L. HODGE
                                                          UNITED STATES MAGISTRATE JUDGE

msd